Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**TODD WILLIAMSON**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WILLIAMSON, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-10,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181, *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, *et seq.*<br><br>DEMAND FOR JURY TRIAL** |

**Most Americans become disabled, at some point in life…**

Plaintiff Todd Williamson (hereinafter referred to as "Plaintiff") complains

of Home Depot U.S.A., INC., a Delaware corporation; and Does 1-10 (each,

individually a "Defendant," and collectively "Defendants"), and alleges as follows:

# I.  PARTIES

1.      Plaintiff Todd Williamson suffers from cerebral palsy.  He has great difficulty with mobility.  His posture, movement, and reflexes are impaired.  His upper body strength is impaired.  He relies on a walker for mobility and has great difficulty moving his body.  Plaintiff's cerebral palsy impairs his ability to walk, move, and interact with people and objects around him.  He is a disabled person entitled to the protections of the California Unruh Civil Rights Act (UCRA) (see Cal. Civ. Code §§ 51, et seq., 52, et seq.), the Americans with Disabilities Act (ADA) (see 42 U.S.C. § 12102, et seq.), and other statutory laws which protect the rights of "disabled persons."  Plaintiff has been issued a blue permanent Disabled Person Parking Placard, by the State of California.  Plaintiff is a California resident with physical disabilities.

2.      Defendant Home Depot U.S.A., INC., a Delaware corporation owned the property (the "Property"), located at 3363 W Century Blvd., Inglewood, CA 90303.

3.      There is a business establishment on the Property named "Home Depot" and "Target" (hereinafter, "the businesses").  Plaintiff visited both businesses.

4.      The businesses are a public accommodation as defined by 42 U.S.C. § 12181(7).

5.     DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, affiliates, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues those Defendants by fictitious names.  Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

6.     Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, franchisors, lessees, lessors, general partners, limited partners, agents, affiliates, employees, employers, representative partners, subsidiaries, partner companies, and/or joint venturers of the remaining Defendants; and were acting within the course and scope of that relationship.  Upon information and belief, Plaintiff alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining Defendants.

7.     Plaintiff visited the public accommodations owned, leased, and/or operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, and/or accommodations offered by Defendants.

## II.     JURISDICTION & VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) & (a)(4) for violations of the ADA.

9.     Pursuant to supplemental jurisdiction, an attendant and related cause of

COMPLAINT

action, arising from the same nucleus of operative facts, and arising out of the same transactions, is also brought under the UCRA, which expressly incorporates the ADA.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the real property which is the subject of this action is located in this district, and Plaintiff's cause of action arose in this district.

### III.   FACTS

11.     The Property is a facility which is open to the public and includes business establishments.

12.     The Property has been newly constructed and/or underwent remodeling, repairs, or alterations after January 26, 1992.  Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration, and/or failed to maintain accessible features in operable working condition.

13.     Plaintiff visited the Property during the relevant statutory period on two (2) separate occasions, in April 2021 to patronize the business on the Property.

14.     Defendants did not offer persons with disabilities with equivalent facilities, privileges, and advantages offered by Defendants to other patrons.

15.     Plaintiff encountered barriers, both physical and intangible, that

interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services, privileges, and/or accommodations offered at the Property.

16.     Parking is one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

17.     However, there was no accessible parking for disabled patrons at the Property.  The parking spaces designated for disabled persons did not comply with the ADA.

18.     The parking area did not comply with the applicable California Building Code (CBC).

19.     When Plaintiff visited the Property, he experienced access barriers related to parking, signage, paths of travel, entryway, and restroom.

20.     Plaintiff encountered the following barriers, conditions, and/or violations at the Property:

**This Home Depot has located its parking farther from the entrance than other spaces, which is especially problematic given all the pavement distresses from the parking to the entrance. They need redesign of the parking area, the exterior routes of travel, the restroom/toilet and more.**

**VIOLATION of 1991 ADAS § 4.3.2(1); 2010 ADAS § 206.2.1; 2010 CBC § 1114B.1.2; 2019 CBC § 11B-206.2.1.** <u>(Exterior route of travel.)</u> An accessible route of travel is not provided to all entrances and portions of the building, to all entrances of the Property, and/or between the building and a public way. Plaintiff needs a dedicated path of travel, free of obstructions and vehicles, where (on which) Plaintiff can travel. It is dangerous for Plaintiff to navigate without a safe, protected, accessible route of travel; thus, the violation interferes with Plaintiff's ability to fully access the premises. **These paths are damaged. There are portions with cracked asphalt and concrete. There are corrugated sections between asphalt and ramps and concrete also. Portions of the ground are also not level.**

**VIOLATION of 1991 ADAS §§ 4.1.2(1), 4.3.2(1); 2010 ADAS §§ 206.1, 206.2, 206.2.1, 206.2.2, 206.2.4; 2010 CBC § 1114B.1.2; 2010 CBC § 1127B.1; 2019 CBC §§ 11B-206.2.1, 11B-206.2.2, 11B-206.2.4.** <u>(Accessible route of travel.)</u> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. At least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site. The requisite

6

COMPLAINT

accessible route of travel is not provided.  There is no accessible route of travel from the designated disabled parking spaces, adjacent access aisle to the business/building entrance. Plaintiff needs an accessible route of travel, with level and smooth ground, free of obstructions and vehicles, whereupon Plaintiff can ambulate.  It is dangerous for Plaintiff to travel these areas without a safe, protected, accessible route of travel; thus, the violation interferes with Plaintiff's ability to fully access the premises.  The lack of a safe and accessible route, with a smooth and level surface, denied Plaintiff full and equal use or access during each of Plaintiff's visits by making it difficult/ harder for Plaintiff to traverse. **These paths are damaged. There are portions with cracked asphalt and concrete. There are corrugated sections between asphalt and ramps and concrete also. Portions of the ground are also not level.**

**VIOLATION of 1991 ADAS § 4.6.2; 2010 ADAS § 208.3.1; 2010 CBC § 1129B.1.** (<u>Minimize travel distance.</u>) The parking space reserved for disabled persons is not located to minimize the travel distance to the entrance. The parking spaces closest to the entrance of the business are not designated accessible spaces. The space reserved for disabled persons are located farther. **Many spaces which are closer to the entrances are closer, but not**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**accessible parking spaces. Accessible parking is farther from the doors.**

**VIOLATION of 1991 ADAS §§ 4.5.2, 4.6.8; 2010 ADAS §§ 302.1, 303.1, 303.2, 303.3, 303.4; 2010 CBC §§ 1120B.2, 1133 B.7.1, 1133B.7.4; 2019 CBC §§ 11B-303.1, 11B-303.2, 11B-303.3, 11B-303.4, 11B-303.5**. (Abrupt changes in level; uneven ground surface.)  Floor and ground surfaces shall be stable, firm, and slip resistant.  Changes in level of 1/4 inch high maximum shall be permitted to be vertical and without edge treatment.  Changes in level between ¼-inch high minimum and ½-inch high maximum shall be beveled with a slope not steeper than 1:2. Changes in level greater than 1/2 inch high shall be ramped.  The route of travel, including from the designated disabled parking space to the entrance of the building/business, have an uneven ground surface with changes in level exceeding one-half inch (1/2") (and no ramps are provided).  The route of travel has damaged ground which is not flush or flat.  The ground has pavement distresses.  The types of pavement distresses which exist include but are not limited to:  alligator (fatigue) cracking; joint reflection cracking; corrugation and shoving; and depressions.  These pavement distresses are made worse and exacerbated by design elements which do not follow the ADAAG.  These areas should be fixed immediately because they pose a tripping and/or falling hazard.

COMPLAINT

Plaintiff, a cannot safely and fully enjoy the premises when such conditions are present.  These excess changes in level and uneven ground surfaces pose risks to Plaintiff, including that Plaintiff's foot, may catch on the uneven ground causing Plaintiff to fall.  These abrupt changes in level pose an increased risk of danger to Plaintiff, as Plaintiff is more likely to trip/fall than someone without disabilities.  The excess changes in level (i.e., uneven ground) denied Plaintiff full and equal use or access during each of Plaintiff's visits by making it difficult/harder and more dangerous for Plaintiff to traverse the property/route.  The excess changes in level (i.e., uneven ground) also deterred/deters Plaintiff from visiting the Property because it would be difficult/harder and more dangerous for Plaintiff to traverse the property/route.

**VIOLATION of 1991 ADAS § 4.29.5; 2010 CBC § 1133B.8.5; 2019 CBC § 11B-247.1.2.5.**  (Hazardous Vehicular Area.)  The path of travel crosses a vehicular way, but the walking surface is not separated by curbs, railings, or a continuous detectable warning. There is no safe way for Plaintiff to travel from the designated disabled parking space to the business/building entrance. Plaintiff is forced to travel a dangerous route, behind parked cars and in the vehicle drive to the business entrance.  Plaintiff faces an increased risk of

injury if Plaintiff has to travel in the path of vehicles because it is more difficult for drivers to see Plaintiff, and Plaintiff cannot quickly move out of the way of an oncoming vehicle.  Thus, Plaintiff requires a safe path away from other vehicles.  The safe, accessible path must be clearly marked so that Plaintiff can find it.

**VIOLATION of 1991 ADAS § 4.6.3; 2010 ADAS § 502.2.; 2010 CBC §§ 1129B.3, 1129B.4; 2019 CBC §§ 11B-502.2, 11B-502.6.4.1, 502.6.4.2.** (Faded paint – accessible parking space lines.)  The paint used for the designated disabled parking space is so worn and aged that it cannot (can hardly) be seen.  This makes it unclear where the actual designated disabled parking space is, and it makes it difficult for Plaintiff to use the space. Plaintiff needs to be able to use the designated disabled parking space, which should be located closest to the entrance and linked to an accessible route of travel, because it is more difficult for Plaintiff as opposed to non-disabled persons, to maneuver about the Property.  When the paint for the designated disabled parking space is worn and aged, there is a greater risk that non-disabled patrons will park in the designated disabled parking space, preventing Plaintiff from using it and accessing the business.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VIOLATION of 2010 ADAS §§ 206.1, 206.2, 206.2.1, 206.2.2, 206.2.4; 2010 CBC § 1127B.1; 2019 CBC §§ 11B-206.2.1, 11B-206.2.2, 11B-206.2.4.** (Path of travel into building entrances.)  There is no accessible path of travel into the building entrance.  Plaintiff needs a dedicated path of travel, free of obstructions and vehicles, where (on which) Plaintiff can safely travel. It is dangerous for Plaintiff to without a safe, protected, accessible path of travel; thus, the violation interferes with Plaintiff's ability to fully access the premises. **The markings are faded to the point of being invisible.**

**VIOLATION of 1991 ADAS § 4.13.11; 2010 ADAS § 404.2.9; 2010 CBC §1133B.2.5; 2019 CBC § 11B-404.2.9.** (Effort to operate restroom door.) The restroom's door opening force exceeds the maximum allowable opening force of five pounds (5 lbs.). Plaintiff requires an accessible restroom that does not require her to use excessive force to open.

**VIOLATION of 1991 ADAS § 4.16.6; 2010 ADAS § 604.7; 2010 CBC § 1115B.8.4.** (Toilet paper dispenser.)  The restroom's toilet tissue dispenser is mounted more than twelve inches (12") from the front edge of the toilet seat, making (which would make) it difficult for Plaintiff to reach the tissue

11
COMPLAINT

dispenser and use the toilet.

21.     Plaintiff personally encountered the foregoing barriers, conditions, and/or violations.

22.     These barriers, conditions, and/or violations denied Plaintiff full and equal access, and caused him difficulty, humiliation, and/or frustration.

23.     The barriers, conditions, and/or violations existed during each of Plaintiff's visits in 2021.

24.     Defendants knew that the foregoing architectural barriers prevented access.  Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access, and that the noncompliance with the ADA Standards for Accessible Design (ADAS), ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), and/or the California Building Code (CBC) was intentional.

25.     Plaintiff intends and plans to visit the Property again soon.  Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

COMPLAINT

26.     Defendants have failed to maintain in working and useable condition those features necessary to provide ready access to persons with disabilities.

27.     Defendants have the financial resources (i.e., financial ability) to remove these barriers without much expense or difficulty in order to make the Property more accessible to their mobility impaired customers (i.e., disabled persons).  The removal of these barriers is readily achievable.  The United States Department of Justice has determined that removal of these types of barriers is readily achievable.

28.     Defendants refuse to remove these barriers.

29.     On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was/is intentional, because the barriers are logical and obvious.  During all relevant times, Defendants had authority, control, and dominion over these conditions.  Thus, the absence of accessible facilities was/is not a mishap; it was/is the result of intentional actions or inaction.

30.     These barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's agents and/or experts.  *See Doran v 7-ELEVEN, Inc.,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them).

13
COMPLAINT

## IV. FIRST CAUSE OF ACTION:  VIOLATION OF THE

## AMERICANS WITH DISABILITIES ACT OF 1990

## (42 U.S.C. § 12101, *et seq.*)

(Against All Defendants)

31.    Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

32.    Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.  42 U.S.C. § 12182(a).

33.    Defendants discriminated against Plaintiff by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges, and/or accommodations they offered during each visit, and each incident of a deterred visit.

34.    The acts and omissions of Defendants herein were/are in violation of Plaintiff's rights under the ADA and the regulations codified at 28 C.F.R. Part 36, *et seq.*

35.     Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are

necessary to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

36.     The ADA requires removal of architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv) ("discrimination includes … a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, … where such removal is readily achievable"). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Barriers are defined by reference to the ADA Standards for Accessible Design (ADAS), found at 28 C.F.R. Part 36, including the ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), at Part 36, Appendix A.

37.     If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if the alternative methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

38.     Defendants can remove the architectural barriers at their facility

without much difficulty or expense.  Defendants violated the ADA by failing to remove the barriers because removal was readily achievable.  For instance, there are companies which can repaint parking areas for as little as $350.  Defendants can afford such costs, which are a fraction of what Defendants receive in (rental or business) profits in connection with such a large and expensive property.

39.    Alternatively, if it was not "readily achievable" for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make their services available through alternative methods which are readily achievable.

40.    On information and belief, Plaintiff alleges that the facility was altered after January 26, 1992, mandating compliance with accessibility requirements under the ADA.

41.    The ADA requires that facilities altered in a manner that affects or could affect their usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).

42.    Defendants altered the facilities at the Property in a manner that violated the ADA, and/or failed to make the Property readily accessible to physically disabled persons to the maximum extent feasible.

43.    The ADA also requires reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with

disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

44. Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property when these modifications were necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations.

45. Plaintiff seeks a finding from this Court that Defendants violated the ADA, so that he may pursue damages under California's Unruh Civil Rights Act.

46. Here Defendants' failure to make sure that accessible facilities were available to, and ready to be used by, Plaintiff was/is a violation of law.

47. Plaintiff would like to continue to frequent the Property, which is close to his home. However, he is deterred from doing so because he has been discriminated against and is aware of accessibility barriers at the Property.

48. Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with federal and state disability access laws, and remediation of the existing access violations (i.e., removal of the existing barriers) at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

**(Cal. Civ. Code §§ 51-53)**

(Against All Defendants)

49.     Plaintiff repleads and incorporates by reference, as though fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

50.     California Civil Code § 51 states, in part:  "All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

51.     California Civil Code § 51 also states, in part:  "No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person."

52.     California Civil Code § 51(f) specifically incorporates, by reference, an individual's rights under the ADA into the Unruh Civil Rights Act (UCRA).

53.     The UCRA also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the UCRA.  Cal. Civ. Code § 51(f); *see Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

54.     Defendants' above-mentioned acts and omissions have violated the UCRA by denying Plaintiff his rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's

disability.

55.     Defendants' above-mentioned acts and omissions have also violated the UCRA by denying Plaintiff his rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages.  *See* Cal. Civ. Code § 51(f), 52(a).

56.     Because Defendants' violation of the UCRA resulted in difficulty, discomfort, and/or embarrassment for Plaintiff, Defendants are each also responsible for statutory damages.  *See* Cal. Civ. Code § 55.56(a), (c).

//

//

//

//

//

//

//

//

//

//

//

//

COMPLAINT

57.     Plaintiff was (actually) damaged by Defendants' wrongful conduct. He seeks actual damages, and statutory minimum damages of four thousand dollars ($4,000) for each offense (i.e., for each occasion that Plaintiff was denied full and equal access).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.  For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.  Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.

2.  Damages under the Unruh Civil Rights Act, which provides for actual damages and statutory minimum damages of $4,000 per each offense.

3.  Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205, and Cal. Civ. Code § 52.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Dated: May 19, 2021            THE LAW OFFICE OF HAKIMI & SHAHRIARI

                               By:   /s/ Peter Shahriari
                                     PETER SHAHRIARI, ESQ.
                                     Attorney for Plaintiff Todd Williamson

COMPLAINT